## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BECKY STEINKAMP,<br><br>　　　　Plaintiff,<br><br>v.<br><br>(1) STATE FARM FIRE AND<br>　　CASUALTY COMPANY, and<br>(2) TONY BRUMMITT INSURANCE<br>　　AGENCY, INC.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.: CIV-22-47-PRW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF REMOVAL

1.　State Farm Fire and Casualty Company ("State Farm") is Defendant in a civil action brought against it in the District Court of Oklahoma County, State of Oklahoma, and titled *Becky Steinkamp v. State Farm Fire and Casualty Company and Tony Brummitt Insurance Agency, Inc.*, Case No. CJ-2021-5425.

2.　At the time of the filing of this action and at the present time, Plaintiff Becky Steinkamp was and is a resident and citizen of the State of Oklahoma.

3.　At the time of the filing of this action and at the present time, State Farm was and is a foreign corporation, duly organized and existing under the laws of the State of Illinois and no other state, with its principal place of business in Illinois; it is not a citizen of Oklahoma.

4.　As alleged by Plaintiff, separate Defendant Tony Brummitt Insurance Agency, Inc. (the "Brummitt Agency") "is a domestic for-profit corporation with its headquarters in Oklahoma City, Oklahoma." Pet., ¶ 3, Dec. 20, 2021, attached hereto as

Ex. 2. But even though the Brummitt Agency is a resident of the State of Oklahoma, its citizenship is immaterial because the Brummitt Agency is a fraudulently joined party against whom Plaintiff does not have "any possibility of recovery." *Smith v. Allstate Vehicle & Prop. Ins. Co.*, No. CIV-14-0018-HE, 2014 WL 1382488, at *1 (W.D. Okla. Apr. 8, 2014) (internal quotation marks omitted). Only ***properly joined*** defendants are material for diversity analysis. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest ***properly joined*** and served as defendants is a citizen of the State in which such action is brought." (emphasis added)); 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been ***properly joined*** and served must join in or consent to the removal of the action." (emphasis added)). Therefore, as set forth below and apparent from the Petition, this Court should disregard the alleged citizenship of the Brummitt Agency for purposes of diversity. *Smith*, 2014 WL 1382488 at *4.

5.    As the United States Supreme Court has recognized for well over a century, the right of removal "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). A defendant can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. *Gellner v. Progressive N. Ins. Co.*, No. 21-CV-0401-CVE-JFJ, 2021 WL 5789146, at *2 (N.D. Okla. Dec. 7, 2021)

(citing *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006)).

6. The domicile of the Brummitt Agency is immaterial. It is not properly joined because there is no "reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (noting that actual fraud is not necessary for finding of fraudulent joinder).

7. Plaintiff purports to sue the Brummitt Agency for negligence and negligent misrepresentation. To prevail on these claims, though, Plaintiff would have to show that "by the agent's fault, insurance [was] not procured as promised and the insured suffere[d] a loss." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). The allegations in Plaintiff's Petition do not fit the claims.

8. Plaintiff does not allege, nor could she, that the Brummitt Agency failed to procure an insurance policy. Nor does she allege that any act of the Brummitt Agency caused her to suffer the alleged loss. To the contrary, she alleges that she had a policy in place with State Farm, made a claim under that policy, and the claim was denied on grounds her roof did not suffer an accidental direct physical loss. Pet., ¶¶ 5, 10, 12, Ex. 2. The necessity of an accidental direct physical loss (*i.e.*, damage to the roof from hail) is in all policies and is not the basis for Plaintiff's Complaint against the Brummitt Agency. Instead, "[t]his is simply a garden variety breach of insurance contract claim against [State Farm], and there are no allegations in the petition suggesting that [State Farm's] decision on [Plaintiff's] claim would have been different if [the Brummitt Agency] had obtained

some other insurance policy." *Gellner*, 2021 WL 578914 at *3 (denying motion to remand in similar case).

9. In her Petition, Plaintiff makes confusing and contradictory allegations that she asked the Brummitt Agency "to procure her a full replacement cost policy"; that she was promised "replacement cost coverage to repair and/or replace the Property back to its pre-loss condition, in the event of damage and/or loss"; and that the Brummitt Agency "breached [its] duty owed to Plaintiff by promising Plaintiff the Policy coverage selected and calculated by State Farm for Plaintiff was correct and would fully repair and/or replace the Property in the event of loss." Pet., ¶¶ 36, 44, Ex. 2. But even if true, these "allegations do not show that the type or nature of the insurance policy caused [Plaintiff] any harm" to state a claim against the Brummitt Agency. *Gellner*, 2021 WL 5789146 at *3. This case, instead, strictly involves a dispute concerning whether the roof suffered damage "not the lack of [] coverage in the insurance policy." *Id.* at *2. Understandably absent, therefore, from the Petition is any allegation that the decision would be different if Brummitt had obtained the "replacement cost coverage" allegedly requested. *See id.; see also Supermart No. 7 v. N. Star Mut. Ins. Co.*, No. CIV-14-1129-M, 2015 WL 737006, at *3 (W.D. Okla. Feb. 20, 2015). Regardless, Oklahoma law is clear that "insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds." *Gellner*, 2021 WL 5789146 at *2 (internal quotation marks omitted). "[T]his duty is not extended by general requests for 'full coverage' or 'adequate coverage,'" as Plaintiff alleges she made here. *Id.* (internal quotation marks omitted).

4

10.     Consent to removal is only required from "defendants who have been properly joined and served." 28 U.S.C. §1446(b)(2)(a). Although the Brummitt Agency has been served in this matter, it is not required to consent to this removal because, as set forth *supra*, the Brummitt Agency is an improperly joined party.[1]

11.     Plaintiff claims to be entitled to recover an amount exceeding that specified by 28 U.S.C. § 1332 to invoke federal diversity jurisdiction and, therefore, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* Pet., ¶¶ 28, 34, 45, 54, Ex. 2.

12.     Because the properly joined parties are diverse and the amount in controversy exceeds $75,000, this is the kind of action of which the United States District Courts have original jurisdiction because of diversity of citizenship and sufficiency of amount in controversy.

13.     The aforementioned action was commenced by service of summons upon the Oklahoma Department of Insurance on or around January 5, 2022. This Notice of Removal is, therefore, timely under the provisions of 28 U.S.C. § 1446.

14.     A copy of the docket sheet and copies of all process, pleadings and orders filed or served upon State Farm in the aforementioned state action are attached hereto, marked Exhibits 1-5 and made a part hereof.

---

[1] Indeed, as an improperly joined party, the Brummitt Agency is not subject to this Court's jurisdiction and Plaintiff's claims against it must be dismissed. *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004); *Hicks v. FG Mins. LLC*, No. CIV-19-203-TDD, 2020 WL 2104928, at *6 (E.D. Okla. May 1, 2020); *Jonnada v. Liberty Ins. Corp.*, No. CIV-19-456-D, 2019 WL 6119233, at *5 (W.D. Okla. Nov. 18, 2019).

        Respectfully submitted,

/s *Timila S. Rother*
Timila S. Rother, OBA #14310
Paige A. Masters, OBA #31142
**CROWE & DUNLEVY**
A Professional Corporation
Braniff Building
324 N. Robinson Avenue, Ste. 100
Oklahoma City, OK 73102-8273
(405) 235-7757
(405) 272-5226 (Facsimile)
timila.rother@crowedunlevy.com
paige.masters@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY**

## CERTIFICATE OF SERVICE

I certify that on January 18, 2022, the same date this Notice of Removal was filed in the United States District Court for the Western District of Oklahoma, a true and correct copy of said Notice of Removal was served upon the above-named plaintiff by mailing said copies to the party's attorney of record:

    Reggie N. Whitten
    Michael Burrage
    J. Revell Parrish
    Jesse S. Ogle
    **WHITTEN BURRAGE**
    512 North Broadway Ave., Suite 300
    Oklahoma City, Oklahoma 73102

I further certify that on January 18, 2022, a true and correct copy of this Notice of Removal was delivered to the Oklahoma County Court Clerk for filing.

        /s/ *Timila S. Rother*

4867236