## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BECKY STEINKAMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:  CIV-22-00047-PRW |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, and TONY BRUMMITT | ) | |
| INSURANCE AGENCY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO REMAND

Reggie N. Whitten, OBA #9576
Michael Burrage, OBA #1350
J. Revell Parrish, OBA #30205
Jesse S. Ogle, OBA #34275
WHITTEN BURRAGE
512 North Broadway Avenue, Suite 300
Oklahoma City, OK  73102
Telephone:   (405) 516-7800
Facsimile:   (405) 516-7859
Emails:   rwhitten@whittenburragelaw.com
            mburrage@whittenburragelaw.com
            rparrish@whittenburragelaw.com
            jogle@whittenburragelaw.com

**ATTORNEYS FOR PLAINTIFF**

February 17, 2022

## <u>TABLE OF CONTENTS</u>

I.     **BACKGROUND** ..................................................................................... 1

II.    **ARGUMENT AND AUTHORITIES** ..................................................... 3

    A.    **State Farm Has The Burden Of Establishing Removal Is Proper** .......... 3

    B.    **State Farm Cannot Establish Fraudulent Joinder** ................................. 5

        1.    Fraudulent Joinder Standard. ........................................................ 5

        2.    Plaintiff Has Stated A Viable Claim For Negligent Procurement And Maintenance Of Insurance. ................... 6

        3.    Plaintiff Has Stated A Viable Claim For Constructive Fraud And Negligent Misrepresentation. .................................... 13

    C.    **Plaintiff Is Entitled To Fees And Costs For State Farm's Improper Removal.** .................................................................................. 15

III.    **CONCLUSION** ...................................................................................... 16

**CERTIFICATE OF SERVICE** ........................................................................ 16

## **TABLE OF AUTHORITIES**

<u>**Cases**</u>

*Adventure Outdoors, Inc. v. Bloomberg*,
  552 F.3d 1290 (11th Cir. 2008) ....................................................................4

*Asbury v. N. Star Mut. Ins. Co.*,
  CIV-14-1331-HE, 2015 WL 588607 (W.D. Okla. Feb. 11, 2015) ............ 10

*Batoff v. State Farm Ins. Co.*,
  977 F.2d 848 (3d Cir. 1992) ...................................................................... 13

*Callison v. Farmers Ins. Grp. of Cos.*,
  CIV-06-1305-F, 2007 WL 61086 (W.D. Okla. Jan. 8, 2007) ......................4

*Castens v. Conseco Life Ins. Co.*,
  11-CV-628-TCK-FHM, 2012 WL 610001 (N.D. Okla.
  Feb. 24, 2012)..................................................................................6, 10, 11

*Caterpillar Inc. v. Lewis*,
  519 U.S. 61 (1996) ......................................................................................4

*Caterpillar Inc. v. Williams*,
  482 U.S. 386 (1987) ....................................................................................4

*Coca-Cola Bottling of Emporia, Inc. v. S. Beach Beverage Co., Inc.*,
  198 F. Supp. 2d 1280 (D. Kan. 2002) ..........................................................4

*Cuevas v. BAC Home Loans Servicing, LP*,
  648 F.3d 242 (5th Cir. 2011)........................................................................5

*Doe v. Allied-Signal, Inc.*,
  985 F.2d 908 (7th Cir. 1993)........................................................................4

*Dutcher v. Matheson*,
  733 F.3d 980 (10th Cir. 2013)...................................................................5, 6

*Faulkenberry v. Kansas City So. Railway Co.*,
  602 P.2d 203 (Okla. 1979) ........................................................................ 13

*France v. Chaprell Jeep-Eagle Dodge, Inc.*,
  968 P.2d 844 (Okla. Civ. App. 1998).......................................................... 13

*Hart v. Bayer Corp.*,
  199 F.3d 239 (5th Cir. 2000)........................................................................5

*Johnson v. State Farm Fire & Cas. Co.*,
    CIV-14-1101-M, 2015 WL 13573968 (W.D. Okla. Mar. 9, 2015) ........... 10

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) .................................................................................. 3

*Kutz v. State Farm Fire & Cas. Co.*,
    189 P.3d 740 (Okla. Civ. App. 2008)................................................... 6, 11

*Martin v. Franklin Capital Corp.*,
    251 F.3d 1284 (10th Cir. 2001)............................................................ 4, 15

*Maryland Cas. Co. v. Allen Cmty. Pharmacy*,
    CIV-14-839-C, 2015 WL 4067862 (W.D. Okla. July 2, 2015) ................. 10

*Mayer v. Horace Mann Ins. Co.*,
    CIV-14-1381-C, 2015 WL 1650271 (W.D. Okla. Apr. 13, 2015 .............. 10

*McDonald v. CSAA Ins. Exch.*,
    CIV-16-336-R, 2017 WL 887108 (W.D. Okla. Mar. 6, 2017) .................... 4

*Misner v. State Farm Fire & Co.*,
    CIV-14-873-D, 2015 WL 789160 (W.D. Okla. Feb. 24, 2015)............. 9, 10

*Montano v. Allstate Indem.*,
    211 F.3d 1278, 2000 WL 525592 (10th Cir. 2000) .......................... 5, 6, 13

*Patel v. OMH Med. Ctr., Inc.*,
    987 P.2d 1185 (Okla. 1999) ...................................................................... 13

*Pfeiffer v. Hartford Fire Ins. Co.*,
    929 F.2d 1484 (10th Cir. 1991).................................................................. 4

*Rains v. CSAA Fire & Cas. Ins. Co.*,
    20-CV-0400-CVE-FHM, 2020 WL 6729085 (N.D. Okla.
    Nov. 16, 2020)............................................................................................ 7

*Rotan v. Farmers Ins. Grp. of Cos.*,
    83 P.3d 894 (Okla. Civ. App. 2003)....................................................... 7, 8

*Sang v. Smith*,
    19-CV-686-GKF-FHM, 2020 WL 6472683 (N.D. Okla.
    May 19, 2020) ...................................................................................... 10, 12

*Schlanger Ins. Trust v. John Hancock Life Ins. (U.S.A., Inc.)*,
    897 F. Supp. 2d 1109 (N.D. Okla. 2012) ................................................ 11

*Smoot v. Chicago, Rock Island & Pac. R.R. Co.*,
   378 F.2d 879 (10th Cir. 1967) ................................................................. 6, 12

*Swickey v. Silvey Cos.*,
   979 P.2d 266 (Okla. Civ. App. 1999) .................................................. 6, 7, 11

*Verschoor v. Mountain W. Farm Bureau Mut. Ins. Co.*,
   907 P.2d 1293 (Wyo. 1995) ......................................................................... 14

*Willis v. Bender*,
   596 F.3d 1244 (10th Cir. 2010) .................................................................. 14

## *Statutes*

28 U.S.C. § 1332 .............................................................................................. 4

28 U.S.C. § 1441 .............................................................................................. 4

28 U.S.C. § 1447 ......................................................................................... 1, 15

## *Other Authorities*

Restatement (Second) of Torts § 552(l) ......................................................... 14

Plaintiff Becky Steinkamp ("Plaintiff") respectfully requests the Court remand this case back to the District Court of Oklahoma County pursuant to 28 U.S.C. § 1447(c). Defendant State Farm Fire and Casualty Company ("State Farm") removed this action on January 18, 2022 [Doc. 1] based on purported fraudulent joinder of non-diverse Defendant Tony Brummitt Insurance Agency, Inc. ("Brummitt"). State Farm alleges Plaintiff has no possibility of recovery against Brummitt and merely named it as a Defendant to defeat federal jurisdiction. For the reasons below, this argument has no merit. State Farm has failed to meet its heavy burden of establishing fraudulent joinder, and the case should be remanded back to the District Court of Oklahoma County.

## I.      BACKGROUND

In 2005, Brummitt, a captive insurance agency for State Farm, procured and sold Plaintiff a homeowner's policy with State Farm. In 2008, Plaintiff filed a hail claim with State Farm. Brummitt recommended a roofer to Plaintiff, who installed a new roof on Plaintiff's home in 2009. Brummitt inspected Plaintiff's home and represented that her new roof met State Farm's underwriting guidelines for replacement cost coverage. Throughout the following years, Brummitt continued to represent Plaintiff's roof met State Farm's underwriting guidelines and had no hail damage or other issues which would preclude full replacement cost coverage in the event of a loss.

In April 2021, Plaintiff noticed water leaks in the ceiling in various rooms of her home. On April 29, 2021, a roofer from Opus Restoration inspected Plaintiff's home and informed her that her roof had sustained hail damage. She then submitted a claim to State Farm for damage to her roof. Despite initially representing to Plaintiff that a hailstorm

had occurred near her residence on or about July 10, 2020, State Farm denied payment of the claim, reasoning that Hancock Claims Consultants' (a preferred vendor of State Farm) inspection of her roof did not reveal any hail damage. Plaintiff then hired another company, A to Z Inspection, to perform an inspection of her roof, and A to Z outlined the hail damage in chalk and took photographs of it. On or about August 6, 2021, State Farm sent Rimkus Consulting Group, Inc., one of its "go-to" engineering companies, to inspect Plaintiff's roof. Rimkus concluded that any hailstone impacts were from a storm which occurred on April 28, 2017 or before, and that the generalized granule loss of the shingle roof covering was the result of normal age-related deterioration. State Farm once again denied Plaintiff's claim.

After these events, Plaintiff filed suit against State Farm and Brummitt in the District Court of Oklahoma County, asserting claims against State Farm for breach of contract and bad faith, and against Brummitt for negligent procurement and maintenance of insurance and constructive fraud/negligent misrepresentation. With respect to Brummitt, Plaintiff's allegations include, but are not limited to, the following:

(a)     Brummitt represented to Plaintiff his familiarity with replacement cost insurance coverage and represented he could procure and State Farm could provide the coverage requested [*see* Doc. 1-2 at ¶ 36];

(b)     Brummitt represented Plaintiff's coverage with State Farm would repair and/or replace her property back to its pre-loss condition in the event of damage and/or loss [*see* Doc. 1-2 at ¶ 36];

(c)     Brummitt was directly involved in determining the type of coverage Plaintiff received [*see* Doc. 1-2 at ¶¶ 5, 40];

(d)     Brummitt knew Plaintiff's roof was installed in 2009 and represented to Plaintiff it met all of State Farm's underwriting requirements [*see* Doc. 1-2 at ¶¶ 6, 41];

(e)     Brummitt represented that Plaintiff's home continued to meet State Farm's underwriting requirements for replacement cost coverage <u>each year</u> following 2009 [*see* Doc. 1-2 at ¶¶ 7, 42];

(f)     Brummitt represented that State Farm's underwriting policies/ guidelines were followed/met and that all necessary inspections of the Property occurred and were properly conducted [*see* Doc. 1-2 at ¶ 49]; and

(g)     Plaintiff was induced to accept and purchase/renew the Policy each year as a result of Brummitt's representations [*see* Doc. 1-2 at ¶¶ 49, 52].

On January 18, 2022, State Farm removed the case to this Court [Doc. 1] based on its position Plaintiff has not and cannot state a claim against Brummitt, a non-diverse Defendant. Plaintiff has pled cognizable claims against Brummitt for negligent procurement and maintenance and constructive fraud/negligent misrepresentation, and State Farm has failed to meet its burden to establish fraudulent joinder. At the very least, questions of fact exist on this issue, rendering removal improper and warranting remand.

## II.     <u>ARGUMENT AND AUTHORITIES</u>

### A.     <u>State Farm Has The Burden Of Establishing Removal Is Proper.</u>

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, federal courts only have the power to hear cases they have been authorized to hear by the Constitution or the Congress of the United States. *Id*. A case pending in state court may be removed by a defendant to federal court if the case is one over "which the district courts of the United States have original

jurisdiction." 28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The original jurisdiction of the federal courts includes jurisdiction over civil actions where the amount in controversy exceeds $75,000 and each defendant is a resident of a different state than each plaintiff. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

A removing defendant must establish the proprietary of removal and the existence of federal jurisdiction. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). The proprietary of removal is judged on the complaint as it stands at the time of removal. *See Callison v. Farmers Ins. Grp. of Cos.*, CIV-06-1305-F, 2007 WL 61086, at *1 (W.D. Okla. Jan. 8, 2007) (citing *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488-89 (10th Cir. 1991)). The Tenth Circuit has a well-established presumption against removal jurisdiction. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001); *see also Coca-Cola Bottling of Emporia, Inc. v. S. Beach Beverage Co., Inc.*, 198 F. Supp. 2d 1280, 1285 (D. Kan. 2002) (there is a well-established presumption against removal jurisdiction). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (internal citation omitted). **The Court resolves doubtful cases in favor of remand**. *See McDonald v. CSAA Ins. Exch.*, CIV-16-336-R, 2017 WL 887108, at *2 (W.D. Okla. Mar. 6, 2017). Based on this standard, State Farm has not met its heavy burden of establishing the propriety of removal.

B.    **State Farm Cannot Establish Fraudulent Joinder.**

    1.    **Fraudulent Joinder Standard.**

To successfully assert fraudulent joinder, the removing party bears the "heavy burden" of showing either: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)); *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. 2000) (the party asserting fraudulent joinder bears a "heavy burden" in establishing that a party has been fraudulently joined) (unpublished). State Farm seeks to establish fraudulent joinder by the second method, which the Tenth Circuit has held requires the following:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is **no possibility** that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, **we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has <u>any possibility</u> of recovery against the party whose joinder is questioned.**

*Montano*, 2000 WL 525592, at *1-2 (emphasis added) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)). "In determining whether there is any possibility of recovery against the party that is improperly joined, **the legal standard is '<u>more exacting</u> than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)**; indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to state court where the action was commenced.'" *Castens v. Conseco Life Ins. Co.*, 11-CV-628-TCK-

FHM, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) (emphasis added) (citing *Montano*, 2000 WL 525592, at *2).

In other words, the non-liability of the allegedly fraudulent joinder must be established with complete certainty based on undisputed evidence. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). In determining whether the removing party has met its burden of proving fraudulent joinder, "**all factual and legal issues must be resolved in favor of the plaintiff.**" *Dutcher*, 733 F.3d at 988 (emphasis added). Further, the removing party claiming fraudulent joinder "must support his claim with clear and convincing evidence." *Castens*, 2012 WL 610001, at *2. In considering a motion to remand, the Court may pierce the pleadings to determine whether, under applicable state law, the non-diverse party could be liable. *Smoot*, 378 F.2d at 882. State Farm cannot meet this heavy burden.

### 2.   Plaintiff Has Stated A Viable Claim For Negligent Procurement And Maintenance Of Insurance.

Oklahoma has long recognized a cause of action may be sustained against an insurance agent for failing to exercise reasonable care, skill, and diligence in performing tasks such as procuring insurance and making any necessary modifications or corrections after a policy is issued. *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). Further, "an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 189 P.3d 740, 744-45 (Okla. Civ. App. 2008) (citing *Swickey*, 979 P.2d at 269). "This duty rests, in part, on 'specialized knowledge [about] the terms and conditions of insurance

policies generally.'" *Rotan v. Farmers Ins. Grp. of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003) (citing *Swickey*, 979 P.2d at 269). Further, the allegations of negligence against an insurance agent in a complaint need not be particularly detailed or specific. *See* Ex. 1, Order at p. 4, *Holman v. Coventry Health & Life Ins. Co.*, No. 16-cv-01078-HE (W.D. Okla. Dec. 6, 2016) [Doc. 18].

Here, Plaintiff alleges Brummitt assured her the roof she had replaced in 2009 met all of State Farm's underwriting guidelines for replacement cost coverage. Plaintiff further alleges Brummitt made such assurances each and every year after 2009 when the policy was renewed. This includes 2017, the year Rimkus advised State Farm the hail damage purportedly occurred. Brummitt represented that nothing would preclude her from receiving replacement cost benefits in the event of a covered loss. Hail damage is a covered loss. Brummitt was clearly negligent in procuring a "replacement cost" policy which, in actuality, replaced nothing, and was negligent in maintaining her policy year after year when, based on two different reports and interior water damage to her home, her roof had evident hail damage. At the very least, there is doubt as to whether Plaintiff is unable to prevail on her claims such that the "complete certainty" standard for fraudulent joinder has not been met.

In *Rains v. CSAA Fire & Cas. Ins. Co.*, 20-CV-0400-CVE-FHM, 2020 WL 6729085 (N.D. Okla. Nov. 16, 2020), the insurer removed the case based on the purported fraudulent joinder of the insurance agent. The plaintiffs received an inspection report indicating the home they desired to purchase was in excellent condition. The plaintiffs contacted an insurance agent to obtain replacement coverage for damage caused by storms, hail and

wind. The agent had his own inspection performed on the house, confirmed it was in excellent condition, and assured the plaintiffs he could obtain full replacement cost coverage. He further advised the home met all underwriting requirements. "At no point" did the agent state "there were issues with the roof that would affect coverage." *Id*. at *2. After a hailstorm caused damage to their home and the insurer denied full replacement cost, the plaintiffs filed suit in state court alleging, in pertinent part, claims against the agent for negligent procurement. The court remanded the case to state court, holding:

> Given the above standard of care, the Court must evaluate whether, construing the facts in the light most favorable to the plaintiffs, an Oklahoma court would dismiss this claim for negligent procurement with complete certainty. **In this case, plaintiffs requested "replacement coverage." Charvat represented he could procure "replacement coverage." Charvat insisted upon inspecting he property prior to procuring the coverage**. He then proceeded to calculate the policy limits based on information from plaintiffs—and, presumably, based on his actual inspection of the property—using FCIC's specialized software. **Under these facts, the Court cannot find an Oklahoma court would dismiss the cause of action against Charvat with complete certainty**.

> Several considerations bar the court from finding this claim would be dismissed with complete certainty. The most fundamental issue is that this case centers on an agent's involvement procuring "replacement coverage." Unlike requests for "full" or "adequate" coverage, a specific request for "replacement" coverage, could qualify as a "need[] … disclosed by the insureds" that would trigger an agent's duty to provide such coverage if promised. *Rotan*, 83 P.3d at 895. The term "replacement coverage" is a term that connotes a specific type of coverage. The term is unlike "full coverage," which would be interpreted to mean the replacement value of the property insured, the value of the insureds' property at the time of loss, or some other amount (*id.*); and it is nothing like "adequate" coverage, which is essentially a meaningless request (*Cosper*, 309 P.3d at 149). Plaintiffs' request for "replacement coverage," which is arguably a specific request, distinguishes this case from *Rotan* and *Cosper*.

* * *

> **Because the Court finds the claims against Charvat do not fail as a matter of law, the elements of fraudulent joinder have not been satisfied by the facts alleged.** As a result, the Court finds that Charvat's citizenship should not be disregarded. Because the plaintiffs and a properly joined defendant are not completely diverse, the requirements for diversity jurisdiction were not met at the time this case was removed to federal court. Accordingly, the Court finds that it lacks subject matter jurisdiction over this case, and the case must be remanded to state court.

*Id*. at *6-7. The same result should be reached here where Plaintiff requested replacement cost coverage, was assured her home qualified for such coverage year after year, and there was nothing wrong with her home which would preclude such coverage in the event of a loss. This is the epitome of negligent <u>maintenance</u> of insurance.

Similarly, in *Misner v. State Farm Fire & Co.*, CIV-14-873-D, 2015 WL 789160, at *1-2 (W.D. Okla. Feb. 24, 2015), the court found sufficient claims for negligence and fraud existed where the record showed the plaintiffs requested replacement cost coverage, "by which they meant coverage that would allow them to rebuild the house and replace a detached shed and contents in the event of a loss like they experienced," and provided pertinent information to the agent, who then "assisted in determining the amount of replacement cost coverage" they purchased. *Id*. In finding no fraudulent joinder existed and remanding the case back to state court, the court stated "the allegations and evidence in this case are that the insureds did inform the agent of their insurance needs, and the agent was involved in determining the coverage offered to them…" *Id*. at *2. Here, Brummitt was aware of Plaintiff's insurance needs at inception of the policy and every year thereafter. Plaintiff believed she was purchasing peace of mind which would fully protect her in the

event of a loss. The policy Brummitt sold her ended up being meaningless based on purportedly false assurances regarding the good condition of her roof.

Other Oklahoma courts have found valid claims for negligent procurement against insurance agents. *See, e.g., Sang v. Smith*, 19-CV-686-GKF-FHM, 2020 WL 6472683 (N.D. Okla. May 19, 2020) (ruling, with specific reference to *Misner*, that an agent who "independently established, calculated and set the replacement cost policy limits" may be held liable for negligent procurement, even when the agent provided a policy); *Johnson v. State Farm Fire & Cas. Co.*, CIV-14-1101-M, 2015 WL 13573968, at *1-2 (W.D. Okla. Mar. 9, 2015) (finding a claim for negligent procurement of replacement cost policy); *Mayer v. Horace Mann Ins. Co.*, CIV-14-1381-C, 2015 WL 1650271, at *2 (W.D. Okla. Apr. 13, 2015 (*accord*); *Asbury v. N. Star Mut. Ins. Co.*, CIV-14-1331-HE, 2015 WL 588607 (W.D. Okla. Feb. 11, 2015) (agreeing with plaintiffs that an "agent may be held accountable for failing to answer an insured's coverage questions accurately" and providing inaccurate replacement cost coverage); *Castens v. Conseco Life Ins. Co.*, 11-CV-628-TCK-FHM, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) (finding the Oklahoma Supreme Court had "never pronounced any rule that an insurance agent's negligence is actionable only if it results in non-procurement of the policy"; rather, the agent must "exercise reasonable skill and care in performing its tasks"); *Maryland Cas. Co. v. Allen Cmty. Pharmacy*, CIV-14-839-C, 2015 WL 4067862, at *3 (W.D. Okla. July 2, 2015) (holding *Cosper* did not negate claims that the agent failed to procure the policy as requested; there is no case law showing that renewal of policy alone is sufficient to defeat a claim of negligent procurement); *Schlanger Ins. Trust v. John Hancock Life Ins.*

*(U.S.A., Inc.),* 897 F. Supp. 2d 1109 (N.D. Okla. 2012) (question of fact existed and plaintiff had a valid cause of action where it alleged the agent failed to properly advise as to the overall nature of the policy or how to maximize its value and duration).

State Farm essentially argues that any dispute Plaintiff has is with State Farm and only State Farm—not Brummitt. This is an improperly narrow interpretation of the claim of negligent procurement and maintenance, as well as Plaintiff's allegations. In *Castens*, 2012 WL 610001, the court rejected such a narrow view of the claim, stating:

> First, **the Oklahoma Supreme Court has <u>never</u> pronounced any rule that an insurance agent's negligence is actionable only if it results in non-procurement of the policy. Second, the Oklahoma Court of Civil Appeals has held that <u>there is "a duty on the part of [an insurance agent] to exercise reasonable skill and care in performing its tasks; *i.e.*, procuring insurance and making any necessary corrections or adjustments after a policy is issued</u>**." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. 1999). While the *Swickey* court also stated that "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, *insurance is not procured* as promised and the insured suffers a loss," *see id.* (emphasis added); *see also Kutz v. State Farm Fire & Cas. Co.*, 189 P.3d 740, 745 (Okla. Civ. App. 2008) (same), **the Court does not interpret this statement in the limiting manner proposed by Conseco. <u>Instead, as with all negligence claims, a plaintiff must simply show that he suffered damages flowing from the breach of the agent's duty of care</u>**. While damages are obvious if the insurance is never procured, Conseco has not adequately demonstrated that Oklahoma law bars recovery for any other type of harm flowing from the agent's alleged negligence.

*Id.* at *2 (underline and bold added; italics in original). Based on this language, Plaintiff's allegations against Brummitt are sufficient to state a claim for negligent procurement and maintenance under Oklahoma law. Brummitt made no "necessary corrections" to Plaintiff's Policy after 2009. Rather, it continued to assure her that her home met all of State Farm's underwriting guidelines for replacement cost coverage (meaning it was free

from damage) in the event she suffered a loss. Her home sustained hail damage, and the Policy replaced none of the damage.

Further, the basis for State Farm's denial of Plaintiff's insurance claim does not determine whether Brummitt is liable for negligent procurement or constructive fraud. In *Sang*, 2020 WL 6472683, the court stated:

> Defendants nevertheless argue that plaintiffs cannot state a claim against [the agent] because [the insurer] did not fully replace the [plaintiffs'] roof because it was determined that the damage pre-existed the May 25, 2019 storm, not because of the amount of coverage provided by the policy. However, this argument presumes [the insurer] accurately investigated and evaluated the [plaintiffs'] claim. **The doctrine of fraudulent joinder is not a basis to pre-try the merits of a plaintiff's claim against a resident defendant. The claims-handling dispute does not preclude the possibility that [the agent] may ultimately be held liable for negligent procurement.**

*Id*. at *4 (internal citations omitted) (emphasis added); *see also Smoot*, 378 F.2d at 882 ("This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty.").

The bottom line is Plaintiff did not get the policy or coverage she was promised—irrespective of the presence of the words "replacement cost" in the policy. Either Brummitt mispresented the policy she received each year, how the policy would work in the event of a loss, and the condition of Plaintiff's roof, or State Farm wrongfully denied her claim; regardless, valid claims can be asserted against both Defendants. State Farm has failed to carry its heavy burden of showing Plaintiff's negligence claims against Brummitt was "'so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity

jurisdiction.'" *Montano*, 2000 WL 525592, at *2 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir. 1992)).

### 3. __Plaintiff Has Stated A Viable Claim For Constructive Fraud And Negligent Misrepresentation.__

Even if Plaintiff has not stated a viable claim for negligent procurement against Brummitt (she has), she has certainly stated a claim for constructive fraud and negligent misrepresentation—a claim which is ignored in State Farm's Notice of Removal. Oklahoma law places a legal duty on an agent to exercise reasonable care and skill in performing his tasks, and the Oklahoma Supreme Court has consistently stated that "[c]onstructive fraud [involves the] breach of either a legal or equitable duty." *Patel v. OMH Med. Ctr., Inc.*, 987 P.2d 1185, 1199 (Okla. 1999). Further, constructive fraud may be defined as <u>any</u> breach of a duty which, regardless of the actor's intent, gains an advantage for the actor by misleading another to his prejudice. *France v. Chaprell Jeep-Eagle Dodge, Inc.*, 968 P.2d 844 (Okla. Civ. App. 1998). Thus, constructive fraud, which has the very same legal consequence as actual fraud, may be invoked to prevent harm or to extend protection to recognized public interests. *Faulkenberry v. Kansas City So. Railway Co.*, 602 P.2d 203, 206 (Okla. 1979). It has been properly invoked here where Brummitt obtained a financial advantage by selling and renewing a replacement cost policy to Plaintiff based on false assurances.

With respect to negligent misrepresentation, the Restatement (Second) of Torts defines the doctrine as:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false

information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552(l); *see also Willis v. Bender*, 596 F.3d 1244, 1259 (10th Cir. 2010) ("The elements of a negligent misrepresentation claim are…[f]alse information supplied in the course of one's business …, failure to exercise reasonable care in obtaining or relating the information, and pecuniary loss resulting from justifiable reliance thereon.") (quoting *Verschoor v. Mountain W. Farm Bureau Mut. Ins. Co.*, 907 P.2d 1293, 1299 (Wyo. 1995)). Plaintiff sufficiently pled each of these elements. *See* Doc. 1-2 at ¶¶ 47-55.

In other words, Oklahoma law is clear that an agent can be sued for <u>both</u> negligence (in the procurement and maintenance of the policy) and for constructive fraud/negligent misrepresentation for representations made and relied upon by the insured to her detriment. Brummitt recommended a roofer to Plaintiff in 2009 and inspected her home to ensure it met State Farm's underwriting guidelines for replacement cost coverage. It assured Plaintiff it continued to meet these guidelines year after year, and assured her there was nothing wrong with her roof which would prevent her from receiving replacement cost coverage and the benefits that follow. That is not what happened, and Plaintiff has been damaged. Plaintiff has stated a viable claim for constructive fraud or negligence misrepresentation. At the very least, Brummitt cannot establish that this claim is wholly insubstantial or frivolous such that Brummitt can be disregarded for purposes of diversity jurisdiction.

**C.**     __Plaintiff Is Entitled To Fees And Costs For State Farm's Improper Removal__.

This Court maintains authority to award reasonable attorney fees incurred as a result of an improper removal. 28 U.S.C. § 1447(c). The party requesting an award of costs and fees need not demonstrate bad faith on behalf of the removing party to justify the award of costs and fees, but the party is required to show the removal was improper *ab initio*. *See Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005); *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000) (a court may make an award of fees when a defendant's removal, while 'fairly supportable,' was wrong as a matter of law); *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (courts may award attorney's fees under § 1447(c) where the removing party lacked any objectively reasonable basis for seeking removal). Here, Plaintiff clearly alleged sufficient facts to establish claims against Brummitt. Brummitt promised Plaintiff replacement cost coverage in the event of a loss, assured she met and continued to meet State Farm's underwriting guidelines each year, represented her roof was and remained in excellent condition, and represented there were no issues regarding her roof which would result in a future claim denial. These allegations are clearly set forth in the Petition, and they undoubtedly state claims against Brummitt for negligent procurement and maintenance and constructive fraud/negligent misrepresentation. Section 1447(c) was designed to award attorney fees for improper removals such as this one, and Plaintiff respectfully requests an award of attorney fees under this provision.

### III.   <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff Becky Steinkamp respectfully requests the Court issue an Order remanding this case back to the District Court of Oklahoma County and Order Defendant State Farm Fire and Casualty Company to pay the reasonable costs and attorney's fees Plaintiff incurred in filing the instant Motion, and for such further relief the Court deems proper.

Respectfully submitted,

 /s/ J. Revell Parrish
Reggie N. Whitten, OBA #9576
Michael Burrage, OBA #1350
J. Revell Parrish, OBA #30205
Jesse S. Ogle, OBA #34275
WHITTEN BURRAGE
512 North Broadway Avenue, Suite 300
Oklahoma City, OK  73102
Telephone:   (405) 516-7800
Facsimile:   (405) 516-7859
Emails:   rwhitten@whittenburragelaw.com
             mburrage@whittenburragelaw.com
             rparrish@whittenburragelaw.com
             jogle@whittenburragelaw.com

**ATTORNEYS FOR PLAINTIFF**

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of February, 2022, I filed the attached document with the Clerk of Court. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

 /s/ J. Revell Parrish
J. Revell Parrish

16