# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRAVIS B. HOLMAN, ET AL, | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) NO. CIV-16-1078-HE |
| | ) |
| COVENTRY HEALTH & LIFE | ) |
| INSURANCE COMPANY, ET AL. | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiffs Travis Holman and Melissa Beyers-Holman filed this case in state court, asserting claims against defendants Coventry Health and Life Insurance Company ("Coventry") and Green Insurance Associates, Incorporated ("Green"). Coventry removed the case to this court, asserting that Green has been fraudulently joined and that diversity exists as to the remaining parties. Plaintiffs have now moved to remand the case to state court.

Plaintiffs assert claims for breach of contract and of the duty of good faith and fair dealing against Coventry. They assert a negligence claim against Green. The claims arise out of Coventry's denial of Beyer-Holman's medical claim related to a 2013 surgery.

According to the complaint, plaintiffs purchased a health insurance policy from Coventry in 2012. Green was allegedly the Oklahoma sales agent for Coventry. The complaint indicates that, in November of 2013, plaintiffs informed Green that Beyers-Holman would be undergoing surgery in December. They requested that Green procure a

EXHIBIT

1

new insurance plan from Coventry that provided a lower deductible and higher monthly premium. On December 17, 2013, a Green employee advised Coventry that Beyer-Holman's surgery was scheduled for the next day. On December 18, the Green employee told Beyer-Homan that she received confirmation that the new insurance plan was in place. The complaint alleges that Coventry later refused to pay for the surgery, claiming that plaintiffs' coverage was terminated on December 1, 2013. The complaint also makes various allegations about who said what to whom in terms of the effective date of the revised coverage, and as to how reinstatement of the coverage was later refused by Coventry on the basis of the timing of the reinstatement request and related payment.

Coventry is incorporated in Missouri and has its principal place of business in Maryland. Green is incorporated in and has its principal place of business in Oklahoma. Plaintiffs are Oklahoma citizens. So if Green's citizenship if properly considered, diversity is lacking. Coventry removed the case on the basis that Green was fraudulently joined, that its citizenship should be ignored for diversity purposes, and that the removal was therefore proper under 28 U.S.C. § 1441(a).

**Fraudulent Joinder Standard**

"[T]he joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." Roe v. Gen. Am. Life Ins. Co., 712 F.2d 450, 452 n.* (10th Cir. 1983). However, case law places a heavy burden on the party claiming fraudulent joinder. Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013). After disputed questions of fact and ambiguities in the

2

controlling law are resolved in favor of the non-removing party, the court then determines whether "that party has any possibility of recovery against the party whose joinder is questioned." Montano v. Allstate Indem., 2000 WL 525592, at *1 (10th Cir. 2000) (quoting Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000)). "[T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Nerad v. AstraZeneca Pharms., Inc., 203 F. App'x. 911, 913 (10th Cir. 2006). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id. Where fraudulent joinder is claimed, courts may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Id. (quoting Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir. 1964)).

## Analysis

Under Oklahoma law, insurance agents can be held liable for failing to "act in good faith and use reasonable care, skill and diligence in the procurement of insurance" when "insurance is not procured as promised and the insured suffers a loss." Swickey v. Silvey Cos., 979 P.2d 266, 269 (Okla. Civ. App. 1999). An agent's duty does not extend to advising an insured about his insurance needs. Cosper v. Farmers Ins. Co., 309 P.3d 147, 149 (Okla. Civ. App. 2013). Instead, to prevail on a claim, a plaintiff must establish that "the insurance agent agreed to procure insurance coverage effective as of a certain date and time, or of a certain breadth, and then failed to do so." Swickey, 979 P.2d at 268 (setting out the requirements for a breach of contract claim against an insurance agent).

3

Here, after examining the complaint and the parties' submissions, the court concludes the defendants have not met the "heavy burden" of showing fraudulent joinder.

The negligence claim against Green is in Count IV of the complaint. The allegations of negligence are not particularly specific or detailed, but they indicate that plaintiffs asked Green to secure health insurance coverage and that, as the impending surgery neared, they sought a modified policy with a lower deductible and higher premiums. The allegations are that Green told plaintiffs it had secured the coverage requested and that some kind of a policy issued, but that Coventry ultimately denied coverage for the surgery apparently on the basis of the planned date of termination for the prior coverage.

The parties' submissions do not resolve the question of exactly what Green did or said to Coventry to secure the revised coverage, but they do not negate the possibility that some mistake or confusion resulted from Green's efforts. The complaint specifically alleges that Coventry's claimed basis for denial of coverage was Green's negligence with regard to securing the coverage.

Defendant argues that the complaint's allegation of the existence of a contract with Coventry contradicts any allegation that Green did not procure the insurance plan. Of course, an allegation that it procured <u>some</u> plan is not necessarily inconsistent with an assertion that it made a mistake as to the specifics of it, such as to the effective date or otherwise. Further, even if the claims were inconsistent, that does not exclude the possibility of a successful claim against Green. The federal rules permit a plaintiff to plead inconsistent or alternative claims. Fed.R.Civ.P. 8(d)(3).

4

On the present record, the court cannot say there is no reasonable possibility of recovery against Green.

## Conclusion

Defendants have failed to show by clear and convincing evidence that plaintiffs have no possibility of recovery against Green.  Green is therefore a proper party, and diversity is lacking.  Plaintiffs' motion to remand [Doc. #13] is **GRANTED**.  This case is **REMANDED** to the District Court of Oklahoma County, Oklahoma.

**IT IS SO ORDERED**

Dated this 6th day of December, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE